SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. COWIE, Cal. Bar No. 250131
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:   650.815.2600
Facsimile:   650.815.2601
Email        pcowie@sheppardmullin.com

BRIAN S. FONG, Cal. Bar No. 262846
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
Email: bfong@sheppardmullin.com

Attorneys for Defendants
DATALINK CORPORATION and
INSIGHT ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM HARRINGTON,<br><br>              Plaintiff,<br><br>       v.<br><br>DATALINK CORPORATION, INSIGHT ENTERPRISES, INC. and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No.<br><br>[Sacramento Superior Court Case No. 34-2017-00205710]<br><br>**DEFENDANTS DATALINK CORPORATION AND INSIGHT ENTERPRISES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(a), AND 1446**<br><br>[Complaint Filed: January 3, 2017]<br><br>*[Filed concurrently with Civil Cover Sheet, and Corporate Disclosure Statements]* |

-1-

SMRH:481169567.2

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF TIM HARRINGTON ("PLAINTIFF") AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Datalink Corporation and Defendant Insight Enterprises, Inc. (collectively, "Defendants") hereby effect the removal of this action from the Superior Court in the State of California, County of Sacramento, to the United States District Court for the Eastern District of California. Removal is based on 28 U.S.C. sections 1332(a) (diversity jurisdiction), 1441(a), and 1446 on the following grounds:

### I.  STATEMENT OF JURISDICTION

1.  This Court has original jurisdiction over this action under 28 U.S.C. section 1332(a) (diversity jurisdiction), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and it is between "citizens of different States."

2.  Here, diversity jurisdiction exists because Plaintiff is a citizen of the State of California; Defendant Datalink Corporation ("Datalink") is a citizen of the State of Minnesota; Defendant Insight Enterprises, Inc. ("Insight") is a citizen of the States of Delaware and Arizona; and the amount in controversy, exclusive of interests and/or costs, exceeds $75,000 as shown hereafter.

### II.  STATUS OF PLEADINGS

3.  On or about January 3, 2017, Plaintiff filed an original complaint in the Superior Court of the State of California in and for the County of Sacramento, entitled *Tim Harrington, Plaintiff v. Datalink Corporation; Insight Enterprises, Inc.; and DOES 1-20, Defendants*, case number 34-2017-00205710 (the "Complaint"). Service of the Summons and Complaint on Defendants was completed on or about January 17, 2017. True and correct copies of the Complaint, Summons, Civil Case Cover Sheet, and all other process, pleadings, and orders served upon Defendants are attached hereto collectively as **Exhibit A ("Ex. A")**.

-2-

4.      Plaintiff's Complaint asserts nine causes of action against Defendants for: (1) failure to pay compensation at time of termination in violation of Cal. Lab. Code §§ 201, 202, and 203; (2) breach of contract; (3) intentional misrepresentation; (4) fraud by concealment; (5) fraud by false promise; (6) deceit by negligent misrepresentation; (7) conversion; (8) unfair business practices in violation of Calif. Business and Professions Code §§ 17200 *et seq.*; and (9) quantum meruit.  Ex. A., Complaint ¶¶ 19-76.

### III.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS HERE

5.      <u>Plaintiff is a citizen of California</u>.  Plaintiff, at all times relevant to his Complaint was, and at the time of this removal is, a citizen of the State of California, residing in Sacramento County.  Plaintiff alleges that he was "at all times material herein, a resident of the State of California and employed by DEFENDANT DATALINK in California."  Ex. A, Complaint ¶ 4.  Plaintiff further alleges that he "maintained a Sacramento County home office in his home to perform his duties under the contract and his duties of an employee of Defendant Datalink."  Ex. A, Complaint ¶ 3.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or he is domiciled); *Ennis v. Smith*, 55 U.S. 400, 401 (1852) ("The place of residence must be taken to be a domicile"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).  Defendants have no information to suggest that Plaintiff has moved residence or that he has moved out of the state of California either at the time he filed his Complaint or at the time of this removal.

6.      <u>Defendants are not citizens of California</u>.  For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  In *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010), the United States Supreme Court concluded that "principal place of business" is best read as referring to the place where a corporation's officers "direct, control, and coordinate the corporation's activities."  The Supreme Court further clarified that, "in practice" the principle place of business "should normally be the place

where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* Under this standard, Datalink is a citizen of the State of Minnesota (incorporation and headquarters) for purposes of removal; Defendant Insight is a citizen of the State of Delaware (incorporation) and State of Arizona (headquarters).

7.     Defendant Datalink is, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Minnesota with its principal place of business located in Eden Prairie, Minnesota. Datalink's corporate and executive officers are employed in Minnesota and its administrative functions (including operations and planning), are conducted in Eden Prairie, Minnesota. Minnesota is also where the actual center of direction, control and coordination for Datalink take place. Datalink's corporate headquarters in Eden Prairie, Minnesota is the actual center of direction, control and coordination of all major human resources, and administrative functions; the respective corporate officers work in Minnesota and are responsible for developing policies and protocols for Datalink's operations. Datalink's "nerve center" is in Minnesota, rendering Datalink a Minnesota citizen for purposes of diversity. *See, e.g., Hertz Corp.*, 559 U.S. at 78 ("nerve center the place of actual direction, control, and coordination"); *J.A. Olson Co. v. Winona*, 818 F.2d 401, 407 (5th Cir. 1987) (a corporation's "principal place of business is the nerve center from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective.") (internal citation omitted). Accordingly, Datalink's principal place of business and a substantial predominance of corporate activities are in Minnesota. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. at 93. These facts were true at the time the Complaint was filed, and remain true today at the time of removal to federal court. Thus, Datalink is deemed a citizen of Minnesota for the purposes of removal.

8.     Defendant Insight Enterprises, Inc. is, and was at the time the Complaint was filed, a corporation organized under the laws of the State of Delaware with its principal

-4-

place of business located in Tempe, Arizona. Insight's corporate and executive officers are employed in Arizona and its administrative functions (including operations and planning), are conducted in Tempe, Arizona. Arizona is also where the actual center of direction, control and coordination for Insight take place as well as where Insight's legal department is headquartered. Insight's corporate headquarters in Tempe, Arizona is the actual center of direction, control and coordination of all major human resources, and administrative functions; the respective corporate officers work in Arizona and are responsible for developing policies and protocols for Insight's operations. Insight's "nerve center" is in Arizona, rendering Insight an Arizona citizen for purposes of diversity. Thus, Insight is deemed a citizen of Delaware and Arizona for the purposes of removal.

9. Accordingly, Defendants are citizens of the State of Delaware, Minnesota and Arizona for purposes of diversity jurisdiction, and are not citizens of California. *See* 28 U.S.C. § 1332(c).

10. Citizenship of Doe Defendants. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal). Thus, the existence of Doe defendants 1 through 20 does not deprive this Court of jurisdiction.

11. Defendants Datalink and Insight comprise all defendants who have been properly joined and served in this action at the time Defendants are filing this Notice of Removal. All Defendants join in and consent to the timely removal of the action to this Court. *See* U.S.C. § 1446(b)(2)(A)-(2)(B).

12. In accordance with the foregoing, Plaintiff is a citizen of the State of California, while Defendants are citizens of the States of Delaware, Minnesota and Arizona. Given that Plaintiff and Defendants are "citizens of different States," complete diversity under 28 U.S.C. 1332(a) is satisfied.

-5-

13.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(b). This action originally was brought in the Superior Court of the State of California, County of Sacramento, and Plaintiff worked from his home office in the County of Sacramento.  Ex. A, Complaint, ¶ 3.

### IV.  AMOUNT IN CONTROVERSY EXCEEDS $75,000 REQUIREMENT

14.     Without making any admission of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, Defendants represent that the amount placed in controversy by Plaintiff's claims exceeds the jurisdictional minimum of this Court.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  Under diversity jurisdiction, removal of an action is proper where the aggregate amount in controversy for a plaintiff's claims exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).

15.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal.  *Id*.  Defendants are not obliged to "research, state, and prove the plaintiff's claims for damages." *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal 2010); *McCraw v. Lyons,* 863 F. Supp. 430, 434 (W.D. Ky. 1994).  Defendants can establish the amount in controversy by the allegations in the Complaint.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The District Court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

16.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,

-6-

199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendants will actually owe.  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the *amount put in controversy* by the plaintiff's complaint).  The burden to satisfy the amount in controversy requirement is "satisfied if the plaintiff claims a sum greater than the jurisdictional requirement."  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

17.     In his Complaint, Plaintiff specifically alleges that he "is still owed approximately $185,000 in unpaid wages."  Ex. A, Complaint ¶ 13.  Plaintiff further alleges that he has suffered damages as a consequence of Defendants' alleged breach of contract "in excess of $185,000."  Ex. A, Complaint ¶ 28.  Plaintiff also alleges that he was terminated by Datalink without being paid "his earned bonus of approximately $205,000."  Ex. A, Complaint ¶¶ 31, 38, 45, 52.  Finally, Plaintiff alleges "there is now due and unpaid from defendant to plaintiff the sum in excess of $205,000.00 or according to proof at trial."  Ex. A, Complaint ¶ 76.

18.     Defendants make no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims.  Nor do Defendants waive their right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.  However, it is clear from the face of the Complaint that the amount Plaintiff has placed in controversy in this case exceeds the $75,000 jurisdictional amount in controversy under diversity jurisdiction.

### V.  TIMELINESS OF REMOVAL

19.     This Notice of Removal is timely in that it has been filed within thirty (30) days of service of the Complaint on Defendants.  Defendants were served with Plaintiff's

-7-

Complaint on January 17, 2017.  As such, this Notice of Removal is timely in that it has been filed consistent with 28 U.S.C. sections 1332(d), 1441(b), and 1446.

### VI.  JOINDER

20.     Defendants are not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a summons and the Complaint. *See, generally,* Ex. A, Complaint.

### VII.  NOTICE TO PLAINTIFF AND SUPERIOR COURT

21.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be served on Plaintiff's counsel of record: Jill P. Telfer, Esq., Law Offices of Jill P. Telfer, 331 J Street, Suite 200, Sacramento, California 95814.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Sacramento, California.

22.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as Exhibit A.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of Sacramento to this Court.

Dated:  February 16, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____ */s/ Brian S. Fong*
PAUL S. COWIE
BRIAN S. FONG

Attorneys for Defendants
DATALINK CORPORATION and
INSIGHT ENTERPRISES, INC.

-8-